ORIGINAL

# In the United States Court of Federal Claims

No. 17-1758C
(Pro Se)
(Filed: January 18, 2018)

|  |  |  |
|---|---|---|
| QUENTIN ANTWAN MITCHELL, | ) | Keywords: Pro Se Complaint; Subject |
|  | ) | Matter Jurisdiction; Equitable Relief; |
| Plaintiff, | ) | Money-Mandating; Sovereign Citizen. |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| THE UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**FILED**

**JAN 1 8 2018**

U.S. COURT OF
FEDERAL CLAIMS

*Quentin Antwan Mitchell*, Harker Heights, TX, Pro Se.

*Isaac B. Rosenberg*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were *Elizabeth M. Hosford*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

The pro se plaintiff in this case, Quentin Antwan Mitchell, has filed a pleading styled "Writ of Habeas Corpus," in which he complains about matters related to his arrest, guilty plea, imprisonment, and supervised release on charges of interference with commerce by robbery, carjacking, and brandishing a firearm during and in relation to a crime of violence.[1] The government has filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), or in the alternative for failure to state a claim pursuant to RCFC 12(b)(6). For the reasons set forth below, the Court lacks jurisdiction over the claims set forth in Mr. Mitchell's complaint. Accordingly,

---

[1] Mr. Mitchell pleaded guilty to these charges in October 2000. See Mitchell v. Wheat, No. A-17-CV-879-LY, 2017 WL 4547917, at *1 (W.D. Tex. Oct. 11, 2017). He was sentenced for these crimes to 219 months in prison, followed by supervised release. Id. In addition to filing an untimely appeal of his conviction, Mr. Mitchell has filed "scores of motions and cases attempting to challenge his convictions" and the length of his sentence, "all of which have been unsuccessful." See id. He was released from prison in December 2015 but was then arrested in April 2017 for violating the terms of his release. Id. On April 26, 2017, Mr. Mitchell's supervised release was continued. Id.

the government's motion to dismiss is **GRANTED** and Mr. Mitchell's complaint is **DISMISSED** without prejudice.[2]

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991).

It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) (per curiam).

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). To invoke the Court's Tucker Act jurisdiction, a plaintiff must therefore establish that "a separate source of substantive law . . . creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)). In other words, the plaintiff must identify a statute or provision of law that is "substantively money-mandating." McHenry v. United States, 367 F.3d 1370, 1377 (Fed. Cir. 2004) (citing United States v. Testan, 424 U.S. 392, 400 (1976)).

Further, the Court of Federal Claims has only limited power to provide equitable relief. See 28 U.S.C. § 1491(a)(2). Specifically, as relevant here, the Court of Federal Claims lacks the power to grant equitable relief unless such relief is "an incident of and collateral to a money judgment." James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) (quotation omitted); see also 28 U.S.C. § 1491(a)(2) ("To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records, and such orders may be issued to any appropriate official of the United States.").

---

[2] Mr. Mitchell's response to the government's motion to dismiss was due January 17, 2018, but he failed to file one.

In this case, as noted, Mr. Mitchell appears to be disputing the validity of his arrest, guilty plea, imprisonment, and supervised release. His complaint cites various provisions of the U.S. Constitution, sections of the Texas state constitution, and international law. He seeks an order from the Court directing the expungement of his criminal record, as well as an order directing U.S. probation officers to "cease and desist from harassing [and] tormenting" him. In addition, Mr. Mitchell requests an order directing that he "be granted documents to allow [him] to correct and change his legal name."

Mr. Mitchell has not asserted a claim for money damages; instead, he requests a variety of equitable relief. But this Court, as noted, lacks jurisdiction over claims for equitable relief that are not incident to a money judgment. Moreover, this Court lacks jurisdiction over the suit to the extent that it requests a writ of habeas corpus or involves the criminal law. Ledford v. United States, 297 F.3d 1378, 1380–81 (Fed. Cir. 2002) (per curiam); Kania v. United States, 650 F.2d 264, 268 (Ct. Cl. 1981).

In any event, even if Mr. Mitchell's complaint can be read to demand monetary relief, none of the sources of law mentioned in his complaint is money-mandating. These include the Fourth Amendment, Brown v. United States, 105 F.3d 621, 623 (Fed Cir. 1997); the Fifth Amendment's protection against self-incrimination, Betz v. United States, 40 Fed. Cl. 286, 293, appeal dismissed, 155 F.3d 568 (Table) (Fed. Cir. 1998); the Eighth Amendment, Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam); the Thirteenth Amendment, Gibson v. United States, 121 Fed. Cl. 215, 217 (2015); and the Fourteenth Amendment, Locke v. United States, 77 Fed. Cl. 460, 468–69 (2007), aff'd, 300 F. App'x 932 (Fed. Cir. 2008) (per curiam). Mr. Mitchell's claims under the Texas state constitution are also not within this Court's jurisdiction. See Ealy v. United States, 120 Fed. Cl. 801, 805–06, appeal dismissed, No. 15-5108 (Fed. Cir. Oct. 6, 2015). Nor are his tort claims alleging false imprisonment and fraud. 28 U.S.C. § 1491(a)(1) (Tucker Act jurisdiction does not extend to claims sounding in tort). And Mr. Mitchell's claims based on international treaties are also not within this Court's jurisdiction. See Zhao v. United States, 91 Fed. Cl. 95, 100 n.6 (2010); see also 28 U.S.C. § 1502.

Further, while Mr. Mitchell's pleading contains passing references to a "contract," he does not provide any information identifying the parties to any alleged contract or the essential elements of a contract such as mutuality of intent, consideration, unambiguous offer and acceptance, and actual authority on the part of a government official to bind the government. See Biltmore Forest Broad. FM, Inc. v. United States, 555 F.3d 1375, 1380 (Fed. Cir. 2009). Accordingly, he has not alleged a breach of contract that is within this Court's jurisdiction.

Finally, Mr. Mitchell also appears to press claims that are grounded on a set of beliefs held by members of the so-called "sovereign citizen" movement. See, e.g., Gravatt v. United States, 100 Fed. Cl. 279, 282–83 & n.1 (2011) (citing Bryant v. Wash. Mut. Bank, 524 F. Supp. 2d 753, 758–59 (W.D. Va. 2007)) (describing tenets of the sovereign citizen movement); see also Rivera v. United States, 105 Fed. Cl. 644, 646–47 (2012). Thus, he claims that he is not subject to the laws of the United States, that he is not a citizen of the United States, and that, as such, the United States had no right to arrest him in the first instance. These claims are frivolous and cannot serve as the basis for this Court's assertion of jurisdiction.

## CONCLUSION

The government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and the complaint is **DISMISSED** without prejudice.[3] The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.[4]

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

---

[3] Pursuant to 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction," it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought." Here, even assuming that there is such a court in which the action could have been brought initially, the Court finds that it is not in the interest of justice to transfer Mr. Mitchell's action, as he has already filed numerous unsuccessful suits similarly challenging his arrest and conviction and because he raises a number of frivolous allegations in his complaint.

[4] Mr. Mitchell also filed a motion for leave to proceed in forma pauperis, Docket No. 6, which the Court **GRANTS** for the limited purpose of dismissing the complaint.